UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No._____–Civ–_____/_____

KAREN DILLAMAN,

       Plaintiff,

vs.

NCL (BAHAMAS) LTD., A BERMUDA COMPANY,

       Defendant.
_____/

# COMPLAINT

Plaintiff, Karen Dillaman, sues Defendant, NCL (Bahamas) Ltd., a Bermuda Company, and alleges:

## A. Summary of Case

1. This is a personal-injury/negligence action brought by a cruise-ship passenger against a cruise line as a result of a trip-and-fall accident on a cruise ship.

## B. Basis for Jurisdiction and Venue

2. This case falls within the Court's diversity-of-citizenship jurisdiction because:

    (a) The Plaintiff is a citizen of Pennsylvania.

    (b) The Defendant is a citizen of Bermuda and of the state of Florida, as it is a corporation incorporated under the laws of Bermuda, and its principal place of business is in Florida.

    (c) The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## C. Rule 9(h)(1) Designation: Diversity Jurisdiction

3. In addition to falling within the court's diversity jurisdiction, this case also falls within the court's admiralty/maritime jurisdiction and is governed by the general maritime law because the accident happened on a ship sailing in navigable waters and because the ship was engaged in an activity (pleasure cruising) bearing a substantial relationship to traditional maritime activity. Nevertheless, the Plaintiff designates this claim as one brought at

law under the court's diversity-of-citizenship jurisdiction. (And although this claim is brought at law rather than in admiralty, it is still governed by the general maritime law.)

## D. Venue

4. The Plaintiff has filed this case here because the Plaintiff's cruise ticket contains a forum-selection clause that requires actions such as this to be filed in the United States District Court in Miami, Florida. (The Plaintiff only reluctantly brings this case in federal court: she wanted to bring this case in state court, as is her right under the "saving clause" of 28 U.S.C. § 1333(1), but the Defendant's forum-selection clause has forced her into federal court instead.)

## E. One Count of Negligence: Tripping Hazard

5. The Defendant, NCL (Bahamas) Ltd., a Bermuda Company, owns and operates a cruise ship, the *Norwegian Jade*, that sailed from Port Canaveral, Florida on June 8, 2024, on a seven-day Caribbean cruise.

6. The Plaintiff, Karen Dillaman, then age 73, and her husband, were a fare-paying passengers on that cruise.

7. On or about June 9, 2024, as the ship sailed in navigable waters, Mrs. Dillaman and her husband while walking on Deck 11, Mrs. Dillaman suddenly tripped and fell due to the leg of a chaise lounge chair in the walkway area, injuring herself.

8. At that time and place the Defendant owed the Plaintiff a duty of reasonable care under the circumstances.

9. At that time and place, on or about Deck 11, the Defendant breached its duty of care toward the Plaintiff by positioning two rows of chaise lounge chairs in such a way that the chair became a hazard, encroaching into the narrow walkway area, or allowing passengers to position the chaise lounge chairs in the walkway area in such a way that the chaise lounge chairs became tripping hazards.

10. The Defendant knew of this hazard, created and allowed the hazard, the hazard existed for a sufficient length of time that the Defendant should have known about it or this type of hazard occurred with regularity and was therefore foreseeable.

11. When Ms. Dillaman fell she suffered bodily injury and resulting pain and suffering, disability, physical impairment, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and aggravation of a previously existing condition. The losses are either permanent or continuing and Ms. Dillaman will continue to suffer these losses in the future.

13. All conditions precedent have occurred or been performed.

Therefore, the Plaintiff, Karen Dillaman, demands judgment against the Defendant,

Carnival Corporation, for more than $75,000 in damages and costs.

### E.  Request for Jury Trial

The Plaintiff, Karen Dillaman, requests a jury trial.

Dated: March 14, 2025

Respectfully submitted,
David W. Singer (Florida Bar No. 306215)
dsingeresq@aol.com
Michael A. Hoffman (Florida Bar No. 89549)
mahoffman@1800askfree.com
adecasanova@1800askfree.com
ndorvak@1800askfree.com
David W. Singer & Associates, PA
1011 South Federal Highway
Hollywood, FL  33020
954-920-1571
Attorneys for the Plaintiff, Karen Dillaman